<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN WILLIAMS, : <br> : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> HUDSON COUNTY CORRECTIONAL : <br> CENTER et al., : <br> : <br> : <br> Defendants. : | Civil Action No. 09-4147 (SRC) <br><br> **OPINION** |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment, filed by Defendant Hudson County Correctional Center ("Defendant"). The motion is unopposed. For the reasons that follow, the motion for summary judgment will be granted.

On March 4, 2009, Plaintiff filed the Complaint in the Superior Court of New Jersey: Law Division, Hudson County. On August 13, 2009, Defendant removed the pending state court action to this Court. The Complaint concerns a dispute over employment discrimination and asserts four counts: 1) employment discrimination in connection with a promotion, in violation of N.J. Stat. Ann. § 10:5-1 ("NJLAD"); 2) retaliation, in violation of the NJLAD; 3) NJLAD violation based on handicap or medical condition; and 4) employment discrimination, in violation of 42 U.S.C. § 1981.

Defendant contends that the Complaint should be dismissed for failure to state a valid claim for relief, or, in the alternative, that summary judgment should be granted in its favor, on four grounds: 1) this action is barred by a settlement and release agreement executed by the parties; 2) Plaintiff is collaterally estopped from raising the issue of the promotion because that issue has been previously determined; 3) Plaintiff's claims were already litigated and are barred by the doctrine of *res judicata*; and 4) the § 1981 claim is barred by the entire controversy doctrine.

As to the *res judicata* argument, Defendants point to: 1) Plaintiff's complaint, filed in the Superior Court of New Jersey: Law Division, Hudson County, Docket No. HUD-L-5595-07 (Dermody Cert. Ex. B); and 2) the September 12, 2008 order in Docket No. HUD-L-5595-07, dismissing the complaint with prejudice (Id. at Ex. D). "In order for res judicata to apply, there must be (1) a final judgment by a court of competent jurisdiction, (2) identity of issues, (3) identity of parties, and (4) identity of the cause of action." In re Estate of Gabrellian, 372 N.J. Super. 432, 859 A.2d 700, 708 (N.J. Super. Ct. App. Div. 2004). Defendants have offered evidence establishing all four elements: for the first three claims, the counts in the complaints are nearly identical, showing no material differences. Plaintiff has made no opposition. Defendant has shown that it is entitled to judgment as a matter of law: the first three claims are barred by the doctrine of *res judicata*, and judgment will be entered in Defendant's favor.

As to the fourth claim, for employment discrimination, in violation of 42 U.S.C. § 1981, Defendant contends that the claim is barred by the entire controversy doctrine. New Jersey's entire controversy doctrine "requires that a person assert in one action all related claims against a particular adversary or be precluded from bringing a second action based on the omitted claims

against that party." Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 229 (3d Cir. 2008) (quotation omitted). The fourth claim is based on the same allegations of employment discrimination referenced in the previous three claims. The fourth claim is a claim related to the first three claims, which were brought in earlier litigation. Under the entire controversy doctrine, Plaintiff is precluded from bringing this second action asserting this claim, which had previously been omitted. Plaintiff has made no opposition. Defendant has shown that it is entitled to judgment as a matter of law: the fourth claim is barred by the entire controversy doctrine, and judgment will be entered in Defendant's favor.

For these reasons, Defendant's motion for summary judgment (Docket Entry No. 2), pursuant to Federal Rule of Civil Procedure 56, is granted, and Judgment on the Complaint in its entirety is entered in Defendant's favor.

        /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: February 1, 2010